Louella C. MILLER, Relator,

v.

Honorable Judge W.G. WOODS, Jr., Respondent.

No. 09–93–278 CV.

Court of Appeals of Texas, Beaumont.

March 17, 1994.

Neal J. Iverson, Dayton, for appellant.

Jay Floyd, Llano, Don Taylor, Taylor and Norwood, Liberty, for appellee.

1. The next day the county judge granted a motion filed by Louella Miller, transferring the case to the 253rd District Court of Liberty County,

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BURGESS, Justice.

This is an original proceeding seeking a writ of mandamus to compel the entry of an order setting aside a judgment for lack of jurisdiction. In 1990, Louella Miller filed an application for the probate of the will of Guy L. Cain as a muniment of title. The application was filed in the constitutional county court of Liberty County, Texas, under Cause No. 7186; Robert L. Cain and Roy L. Cain contested the application and filed a motion to transfer the case to the County Court at Law of Liberty County. This motion was granted by the county judge on February 8, 1990.[1] In an order signed November 27, 1990, the judge of the County Court at Law transferred the case to the 253rd District Court. The case proceeded to trial and ended with a judgment denying admission to probate. There was no appeal. On May 7, 1993, Louella Miller filed a petition to set aside the judgment for lack of jurisdiction. The trial court denied the motion.

Louella Miller applies for a writ of mandamus ordering Judge Woods to vacate the judgment of July 25, 1991, and ordering transfer of the case to the Liberty County Court of Law for further proceedings. Miller contends the judgment is void for lack of jurisdiction. Robert and Roy Cain contend that the district court has jurisdiction concurrent with the admittedly dominant probate jurisdiction of the statutory county court, and any complaint to the jurisdiction of the district court was waived by failure to raise it in the original probate proceedings. The ultimate issue is whether the district court could ever obtain jurisdiction of the will contest.

 The Texas Constitution provides for district court jurisdiction of all cases except where original jurisdiction is conferred by the Constitution or other law upon some other court. TEX. CONST. Art. V, § 8. The Texas Probate Code provides for jurisdiction

Texas. The District Clerk refused the case and returned it to the County Clerk's office.

of probate matters. The county court has the general jurisdiction of a probate court. TEX.PROB.CODE ANN. § 4 (Vernon Supp.1994). "In those counties where there is no statutory probate court, county court at law or other statutory court exercising the jurisdiction of a probate court, all applications, petitions and motions regarding probate and administrations shall be filed and heard in the county court, except that in contested probate matters, the judge of the county court may ... transfer the contested portion of the proceeding to the district court, which may then hear contested matter as if originally filed in district court." TEX.PROB.CODE ANN. § 5(b) (Vernon Supp.1994). "In those counties where there is a statutory probate court, county court at law, or other statutory court exercising the jurisdiction of a probate court, all applications, petitions and motions regarding probate and administrations shall be filed and heard in such courts and the constitutional county court, rather than in the district courts, unless otherwise provided by the legislature.... In contested probate matters, the judge of the constitutional county court ..., [shall] transfer the proceeding to the statutory probate court, county court at law, or other statutory court exercising the jurisdiction of a probate court, which may then hear the proceeding as if originally filed in such court." TEX.PROB.CODE ANN. § 5(c) (Vernon Supp.1994). In counties where there are statutory county courts exercising probate jurisdiction, such courts share original jurisdiction over probate proceedings with the constitutional county court, to the exclusion of the district court. *Bailey v. Cherokee County Appraisal Dist.*, 862 S.W.2d 581 (Tex.1993).

The Texas Government Code contains general provisions for jurisdiction of statutory county courts and specific provisions for the jurisdiction of the courts of Liberty County. "A statutory county court has jurisdiction over all causes ... prescribed by law for county courts." TEX.GOV'T CODE ANN. § 25.-0003(a) (Vernon 1988). The Liberty County Court of Law had "concurrent with the county court, the probate jurisdiction provided by general law for county courts...." TEX.

GOV'T CODE ANN. § 25.1482(a)(1) (Vernon 1988).[2]

■ Article V, § 8 of the Texas Constitution formerly read: "The District Court shall have appellate jurisdiction and general control in probate matters, over the County Court established in each county...." This language was deleted from the Constitution in 1985. In Liberty County, probate jurisdiction lies in the county court and the county court at law. There is no general grant of probate jurisdiction to district courts, and no specific jurisdictional provision in the legislation establishing the 253rd District Court. TEX.GOV'T CODE ANN. § 24.430 (Vernon 1988). Since the Probate Code rests probate jurisdiction on the county courts, there is no default jurisdiction through Article V, § 8.

■ The real parties in interest rely upon *Green v. Watson*, 860 S.W.2d 238 (Tex. App.—Austin 1993, no writ), in support of their position that the county court and county court at law have dominant but not exclusive jurisdiction. *Green v. Watson* involved a suit which sought to impose a constructive trust on estate assets which were the subject of a separate probate proceeding. The district court had concurrent, but subordinate, jurisdiction pursuant to Probate Code Section 5A. This section provides for concurrent jurisdiction of statutory probate courts and district courts in all actions by or against a person in the person's capacity as a personal representative, or involving a charitable, testamentary, or inter vivos trust. TEX.PROB. CODE ANN. § 5A (Vernon Supp.1994). Nothing in this section grants the district court original jurisdiction in probate proceedings.

■ During oral argument the real parties in interest suggested that the district court had authority to assume jurisdiction through the Texas Court Administration Act. "A district or statutory county court judge may hear and determine a matter pending in any district or statutory county court in the county regardless of whether the matter is preliminary or final or whether there is a judgment in the matter. The judge may sign a judgment or order in any of the courts regardless of whether the case is transferred.

2. *See now* TEX GOV'T CODE ANN. § 25.1482(a) (Vernon Supp.1994).

The judgment, order, or action is valid and binding as if the case were pending in the court of the judge who acts in the matter." TEX.GOV'T CODE ANN. § 74.094 (Vernon Supp. 1994). This statute functions to permit judges to act in the absence of a transfer between courts. It does not serve to confer subject matter jurisdiction upon a court otherwise lacking jurisdiction. Likewise, Section 74.121 provides: "The judges of constitutional county courts, statutory county courts, justice courts and small claims courts in a county may transfer cases to and from the dockets of their respective courts, except that a case … may not be transferred unless it is within the jurisdiction of the court to which it is transferred.… Either judge may hear all or any part of a case pending in court and may rule and enter orders on and continue, determine, or render judgment on all or any part of the case without the necessity of transferring it to his own docket. A judge may not sit or act in a case unless it is within the jurisdiction of his court." TEX.GOV'T CODE ANN. § 74.121 (Vernon Supp.1994). The Court Administration Act provides for exchange of benches where there is subject matter jurisdiction.

 Appeal is an adequate remedy for an incidental ruling on a plea to the jurisdiction. *Bell Helicopter Textron, Inc. v. Walker*, 787 S.W.2d 954 (Tex.1990); *Brown v. Herman*, 852 S.W.2d 91 (Tex.App.—Austin 1993, orig. proceeding). Lack of subject matter jurisdiction renders a judgment void, rather than merely voidable, so that it may be challenged either directly or collaterally. *See and compare, Browning v. Placke*, 698 S.W.2d 362 (Tex.1985) (on collateral attack judgment was not shown to have been rendered by a court without jurisdiction). Subject matter jurisdiction is essential to the authority of a court to decide a case; it is never presumed and cannot be waived. *Tex. Ass'n of Business v. Air Control Bd.*, 852 S.W.2d 440 (Tex.1993). When a trial court lacks subject matter jurisdiction, it has no discretion and must dismiss the case as a ministerial act. *Qwest Microwave, Inc. v. Bedard*, 756 S.W.2d 426 (Tex.App.—Dallas 1988, orig. proceeding). We hold that mandamus is available where, as here, the trial court's action is void as a matter of law.

*Lewis v. Leftwich*, 775 S.W.2d 848 (Tex. App.—Dallas 1989, orig. proceeding). The 253rd District Court lacked jurisdiction to enter a judgment in the will contest. The judgment is void. We therefore conditionally grant the petition for writ of mandamus, said writ to be issued only in the event the trial court does not enter an order vacating the July 25, 1991, judgment and refuse the transfer of the case from the County Court at Law.

WRIT CONDITIONALLY GRANTED.