NO. 07-02-0190-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



AUGUST 20, 2002



______________________________




PRESTON J. WHITE, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2002-439262; HONORABLE JIM BOB DARNELL, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ABATEMENT AND REMAND


 Pursuant to a plea of guilty, appellant Preston J. White was convicted of injury to a
child and punishment was assessed at life imprisonment. Appellant timely filed a pro se
notice of appeal pursuant to Rule 25.2(b)(3)(B) of the Texas Rules of Appellate Procedure. 
Both the clerk's record and reporter's record have been filed. By order of the trial court,
David Guinn was appointed to represent appellant on appeal. Appellant's brief was due
to be filed on June 24, 2002, but has yet to be filed. Also, no motion for extension of time
has been filed. By letter dated July 23, 2002, this Court notified Mr. Guinn of the defect
and also directed that he explain by August 5, 2002, why the brief has not been filed. Mr.
Guinn did not respond and the brief remains outstanding.

 Therefore, we now abate the appeal and remand the cause to the trial court for
further proceedings pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate
Procedure. Upon remand, the trial court shall immediately cause notice of a hearing to be
given and, thereafter conduct a hearing to determine the following:

 1. whether appellant desires to prosecute the appeal; 

 2. whether appellant is indigent and remains entitled to appointed
counsel;

 3. whether appointed counsel has abandoned the appeal; and

 4. whether appellant has been denied effective assistance of counsel
given his attorney's failure to file a brief.


The trial court shall cause the hearing to be transcribed. Should it be determined that
appellant desires to continue the appeal, then the trial court shall also take such measures
as may be necessary to assure appellant effective assistance of counsel, which measures
may include the appointment of new counsel. If new counsel is appointed, the name,
address, telephone number, and state bar number of said counsel shall be included in the
order appointing new counsel. Finally, the trial court shall execute findings of fact,
conclusions of law, and such orders as the court may enter regarding the aforementioned
issues, and cause its findings and conclusions to be included in a supplemental clerk's
record. A supplemental record of the hearing shall also be included in the appellate
record. Finally, the trial court shall file the supplemental clerk's record and the
supplemental reporter's record with the Clerk of this Court by Friday, October 4, 2002.

 It is so ordered.


 Per Curiam



Do not publish. 

 



if">_________________________________

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 60,121-B; HONORABLE JOHN BOARD, JUDGE

_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
 
ORDER GRANTING IN PART AND DENYING IN PART
APPELLEE’S MOTION TO DISMISS FOR WANT OF JURISDICTION


          Appellee, Karen Sue Pietsch, moves this Court to dismiss this appeal for want of
jurisdiction. The judgment the subject of this appeal is a take-nothing judgment granted
in favor of Appellee, pursuant to Rule 166a(i) of the Texas Rules of Civil Procedure, on
Appellants’ cause of action seeking: (1) to set aside an unprobated will and a general
warranty deed, on the basis that the instruments were obtained by fraud and/or undue
influence; (2) a declaratory judgment establishing the rights of the parties to the property
in question; (3) damages for tortious conduct; and (4) recovery of reasonable and
necessary attorney’s fees. As to those claims pertaining to the will, Appellee maintains that
this Court is without jurisdiction because the trial court was without original jurisdiction. As
to those claims pertaining to the general warranty deed, Appellee maintains those claims
are moot because the will Appellants seek to set aside by this proceeding (the “contested
will”) divested them of any interest in the estate of the grantor and they failed to contest the
admission of that will in a subsequently filed probate proceeding.


 As to those claims
pertaining to the will, we grant Appellee’s motion to dismiss; and, as to those claims
pertaining to the deed, we deny Appellee’s motion to dismiss. 
Background



          On June 18, 2008, Appellants, Dale Winfield, Gloria Johnson and James Winfield,
filed this suit seeking to set aside both a will and a general warranty deed executed by
Jena Beth Winfield, on the basis that the instruments were obtained by fraud and/or undue
influence. Appellee, filed a general denial and a special exception, noting that the
contested will had not been filed for probate and the trial court lacked jurisdiction over a
probate proceeding. 
          The contested deed, executed on or about December 15, 2005, conveyed certain
real property to Appellee and the contested will, executed on or about July 17, 2007,
leaves the bulk of Jena’s estate to Appellee. Jena died on May 24, 2008. Appellants and
Appellee are the only surviving children of Jena Beth Winfield.
          Although raising the issue of the trial court’s jurisdiction by her special exception,
Appellee never sought to have the proceeding dismissed on that basis. Instead, she filed
a no-evidence motion for summary judgment as to all claims. On May 4, 2009, the trial
court granted that motion and this appeal followed.
Analysis
          Under the Texas Probate Code, a definite plan has been provided for contesting the
last will and testament of a deceased person. See generally Tex. Probate Code Ann. §§
5, 10, 74, 89, 93 (Vernon Supp. 2008 & Vernon 2003). Section 5 determines jurisdiction
with respect to probate proceedings, while section 10 establishes those persons entitled
to contest a will. Section 89 provides for the action a court should take upon the
completion of a hearing on an application for probate of a will. Section 74 provides that all
applications for the grant of letters testamentary or of administration must be filed within
four years after the death of the testator; and, section 93 provides that any suit to contest
the validity of a will, filed after the will has been admitted to probate, must be filed within
two years after such will shall have been admitted to probate.
          In the absence of original probate jurisdiction granted by section 5 of the probate
code, to allow the declaratory judgment mechanism to determine the validity of a will prior
to expiration of the time allowed by law for the institution of probate proceedings or the
filing of a suit to contest the validity of a will would “impermissibly subvert the statutory
scheme and time limitations established by the probate code.” Howard Hughes Medical
Institute v. Lummis, 596 S.W.2d 171, 173 (Tex.App.–Houston [14th Dist.] 1980, writ ref’d
n.r.e.). Any declaratory judgment would constitute an impermissible advisory opinion
before the issue could be properly joined in a will contest proceeding before a court of
competent probate jurisdiction. Id.; See Harkins v. Crews, 907 S.W.2d 51, 57
(Tex.App.–San Antonio1995, writ denied)(declaratory judgment concerning validity of will
not offered for probate was proper where district court exercised probate jurisdiction,
Declaratory Judgments Act was comprehensive and probate code expressed preference
to determine all rights incident to an estate in a single proceeding). 
          Randall County has two county courts at law and no statutory probate court. Tex.
Gov’t Code Ann. § 25.1931 (Vernon Supp. 2008). The Randall County courts at law have
probate jurisdiction concurrent with the constitutional county court. Tex. Gov’t Code Ann.
§§ 25.0003(d), 25.1932 (Vernon Supp. 2008). In those counties in which there is no
statutory probate court, but in which there is a county court at law or other statutory court
exercising the jurisdiction of a probate court, all applications, petitions, and motions
regarding probate or administration shall be filed and heard in those courts and the
constitutional county court, unless otherwise provided by law. Tex. Prob. Code § 5(c)
(Vernon Supp. 2008). The trial court herein, the 181st District Court in and for Randall
County, does not have original probate jurisdiction. Therefore, in this proceeding, the trial
court was without subject matter jurisdiction to grant the relief requested by Appellants as
it pertained to the validity of the last will and testament of Jena Beth Winfield. Lack of
subject matter jurisdiction renders a judgment void, rather than merely voidable. Miller v.
Woods, 872 S.W.2d 343, 346 (Tex.App.–Beaumont 1994, no writ) (holding that a district
court lacked subject matter jurisdiction to enter judgment in will contest proceeding). 
Accordingly, as to those claims pertaining to the validity of the will, we vacate the judgment
of the trial court and dismiss that portion of the appeal for want of jurisdiction. See Tex.
R. App. P. 43.2.
          As to the remaining claims, the trial court had jurisdiction to grant the relief
requested. Tex. Gov’t Code Ann. §§ 24.007, 24.361 (Vernon 2004). Appellee further
argues that, even if the deed were to be set aside, because the property in question would
revert to Jena’s estate, and because Appellants have no personal interest in that estate,
they have lost standing to pursue this appeal. Appellee’s argument fails for two reasons:
(1) whether or not Appellants have a personal interest in Jena’s estate is a matter for a
probate court to determine, and (2) resolution of that issue would call upon this Court to
consider matters outside of our appellate record. Accordingly, we deny Appellee’s motion
to dismiss as to those claims.
          Appellants further ask this Court to consider the imposition of sanctions against
Appellee on the basis that her request for dismissal was groundless. Under the facts of
this case, we decline to grant Appellants’ request.
          It is so ordered.
                                                                                      Per Curiam