Cecillia HAILEY, Appellant,

v.

**Ricky Allen SIGLAR, Independent Executor of the Estate of Otha Siglar, Deceased, Appellee.**

No. 06-05-00047-CV.

Court of Appeals of Texas, Texarkana.

Submitted April 21, 2006.

Decided May 17, 2006.

Rehearing Overruled June 27, 2006.

Joseph R. Willie II, Willie & Associates, PC, Houston, for appellant.

Charles J. Meyers, Law Office of Perkins & Meyers, Lufkin, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice CARTER.

This appeal is taken from a judgment in favor of Ricky Allen Siglar, independent executor of the estate of Otha Siglar, deceased, in which he was awarded recovery of estate funds from the executor's sister, Cecillia Hailey, who claimed that their father, the testator, permitted her to transfer those funds before his guardianship and before his death. The executor initiated probate proceedings in the county court at law, but brought the action to recover estate funds in the district court. The sister now appeals the judgment, arguing that the district court did not have jurisdiction to act in the matter. We

agree, vacate the district court's judgment, and dismiss the case.

## I. FACTUAL AND PROCEDURAL HISTORY

In October 2002, Otha Siglar's daughter, Cecillia, transferred approximately $100,000.00 of her father's preguardianship and predeath assets from his account to hers. Cecillia maintains Mr. Siglar authorized the transfer. In November 2002, Mr. Siglar executed a general power of attorney appointing Cecillia as attorney-in-fact. After Mr. Siglar passed away, his son, Ricky, opened probate proceedings in August 2003 in County Court at Law No. 2 of Angelina County. Ricky was appointed independent executor in those proceedings.

On December 2, 2003, Ricky filed a petition in the 217th Judicial District Court of Angelina County to recover the funds that were transferred from Otha's account to Cecillia's. Cecillia filed an answer, but did not appear at trial. The trial testimony consisted primarily of Ricky's deposition testimony regarding the events occurring in the final months of Mr. Siglar's life. On February 14, 2005, the district court signed a judgment in favor of Ricky, ordering that Cecillia pay $96,250.57 to the estate and $1,500.00 in attorney's fees. It is this judgment that is the subject of this appeal.

## II. DISCUSSION

### A. The Amount in Controversy Has No Bearing on the Jurisdiction of a County Court at Law Sitting in Probate

■ We begin by addressing the position taken by Ricky in the trial court that the amount in controversy here vested jurisdiction in the district court. In response to the trial court's concern regarding its jurisdiction over this probate-related matter, Ricky's trial counsel explained his position:

THE COURT: Well, somebody explain how it got to district court.

. . . .

[Counsel for Ricky]: It's a $100,000 is how it got to you.

Angelina County does not have a statutory probate court. Instead, it has two county courts at law, which are specifically given probate jurisdiction:

(a) In addition to the jurisdiction provided by Section 25.0003 and other law, a county court at law in Angelina County has:

(1) concurrent with the county court, the probate jurisdiction provided by general law for county courts; and

(2) concurrent jurisdiction with the district court in:

(A) civil cases in which the matter in controversy exceeds $500 but does not exceed $50,000, excluding interest; and

(B) family law cases and proceedings.

TEX. GOV'T CODE ANN. § 25.0052 (Vernon 2004). So, while it might appear that this case involving nearly $100,000.00 would fall outside the jurisdictional limits of the county court at law, we rely on clear authority from the Texas Supreme Court to conclude otherwise: The monetary limitations on a statutory county court's jurisdiction in civil cases do not limit its probate jurisdiction. *See English v. Cobb*, 593 S.W.2d 674, 675 (Tex.1979). Therefore, the amount in controversy had no bearing on whether the district court had jurisdiction over this probate-related proceeding.

**B. The District Court Did Not Have Jurisdiction by Virtue of the Former Section 5(a) of the Texas Probate Code**

Having determined that the district court did not have jurisdiction as a simple result of the amount in controversy, we continue by discussing whether the district court otherwise had jurisdiction over this matter. To do so, we must first lay out the applicable jurisdiction provisions.

**1. General Rule: Probate Jurisdiction Belongs to the County Courts**

The Texas Constitution provides that the district court shall have "exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body." TEX. CONST. art. V, § 8. The Texas Probate Code specifically confers general probate jurisdiction on the constitutional county courts:

> The county court shall have the general jurisdiction of a probate court. It shall probate wills, grant letters testamentary and of administration, settle accounts of personal representatives, and transact all business appertaining to estates subject to administration, including the settlement, partition, and distribution of such estates.

TEX. PROB.CODE ANN. § 4 (Vernon 2003). The Texas Government Code extends probate jurisdiction to statutory county courts. TEX. GOV'T CODE ANN. § 25.0003(d) (Vernon Supp.2005). Thus, a statutory county court has concurrent probate jurisdiction with the constitutional county court unless the county also has a statutory probate court. In the latter situation, only the statutory probate court exercises probate jurisdiction concurrent with the constitutional county court. *See* TEX. GOV'T CODE ANN. § 25.0003(e), (f) (Vernon Supp. 2005).

Here, we know from our previous discussion that the County Court at Law No. 2 is vested with probate jurisdiction. *See* TEX. GOV'T CODE ANN. § 25.0052. There is no statutory probate court in Angelina County. With these two facts in mind, we look to the Texas Probate Code and note that Section 5(c) is applicable:

> In those counties in which there is no statutory probate court, but in which there is a *county court at law* or other statutory court exercising the jurisdiction of a probate court, *all applications, petitions, and motions regarding probate and administrations shall be filed and heard in those courts* and the constitutional county court, . . . *unless otherwise provided by law.* The judge of a county court may hear any of those matters regarding probate or administrations sitting for the judge of any other county court. In contested probate matters, the judge of the constitutional county court may on the judge's own motion, and shall on the motion of a party to the proceeding, transfer the proceeding to the county court at law or a statutory court exercising the jurisdiction of a probate court other than a statutory probate court. The court to which the proceeding is transferred may hear the proceeding as if originally filed in the court.

TEX. PROB.CODE ANN. § 5(c) (Vernon 2003) (emphasis added). Thus, the County Court at Law No. 2 of Angelina County has original jurisdiction over the administration of Mr. Siglar's estate. Any court exercising original probate jurisdiction also has jurisdiction to hear matters incident to the estate. *See* TEX. PROB.CODE ANN. § 5(e) (Act of May 1, 2001, 77th Leg., R.S., ch. 63, § 1, 2001 Tex. Gen. Laws 104, 105 (current

version at TEX. PROB.CODE ANN. § 5(f) (Vernon 2003))).

▮ The effect of all these provisions is that, ordinarily in Angelina County, the county court at law would have jurisdiction to hear matters "incident to an estate." With regard to proceedings in statutory county courts, matters "incident to an estate" are defined to include "all claims by or against an estate" and "all actions for trial of title to land and for the enforcement of liens thereon incident to an estate." TEX. PROB.CODE ANN. § 5A(a) (Vernon Supp.2005); *Bailey v. Cherokee County Appraisal Dist.*, 862 S.W.2d 581, 585 (Tex.1993). Therefore, the County Court at Law No. 2 had jurisdiction over Ricky's suit.

The question here, however, is whether, under a now-repealed provision, the district court gained jurisdiction over this particular matter since it was brought by the independent executor of an estate even when the administration of that estate was pending in the county court at law.

### 2. Probate Jurisdiction of the District Court

The Texas Probate Code applicable to these proceedings provides that "[t]he district court shall have original control and jurisdiction over executors and administrators under such regulations as may be prescribed by law." TEX. PROB.CODE ANN. § 5(a) (Vernon 2003) (Act of May 1, 2001, 77th Leg., R.S., ch. 63, § 1, 2001 Tex. Gen. Laws 104, 104, *repealed by* Act of May 28, 2003, 78th Leg., R.S., ch. 1060, § 16, 2003 Tex. Gen. Laws 3052, 3057);[1] *Palmer v. Coble Wall Trust Co.*, 851 S.W.2d 178, 181 (Tex.1992). The precise effect of this now-defunct provision is at the center of this appeal. We must determine the proper relationship between Section 5(a) and other Texas Probate Code provisions that grant jurisdiction to the county courts, the most relevant being Section 5(c).

### 3. Interpreting Section 5(a), Section 5(c), and *Bailey*

Again, Section 5(a) provides that "the district court shall have original control and jurisdiction over executors and administrators ... as may be prescribed by law." TEX. PROB.CODE ANN. § 5(a) (repealed); *Palmer*, 851 S.W.2d at 181. And Section 5(c), in pertinent part, provides:

In those counties in which there is no statutory probate court, but in which there is a *county court at law* or other statutory court exercising the jurisdiction of a probate court, *all applications, petitions, and motions regarding probate and administrations shall be filed and heard in those courts* and the constitutional county court, *unless otherwise provided by law.*

TEX. PROB.CODE ANN. § 5(c) (emphasis added).

Assuming Section 5(a) vests the district court with jurisdiction over suits brought by a personal representative to recover estate property, Section 5(c) makes it clear Section 5(a) does not render exclusive the district court's jurisdiction over these matters. Sections 5(e) and 5A(a) clearly contemplate that a county court at law exercising probate jurisdiction is vested with jurisdiction over suits involving personal representatives since matters incident to an estate and claims by or against an

---

1. Section 5(a) was repealed in September 2003. However, for purposes of jurisdiction, all proceedings related to the administration of a decedent's estate are considered one proceeding. *See* TEX. PROB.CODE ANN. § 2(e) (Vernon 2003). Therefore, the relevant date from which we determine jurisdiction is the filing of the original application for probate in August 2003. Therefore, this proceeding, which related to the administration of the estate will be governed by the preamendment provisions.

estate are, generally, pursued or defended by estate representatives. Since any jurisdiction granted to the district court by Section 5(a) necessarily brings to issue jurisdiction of the county court at law exercising jurisdiction over the pending estate, we look to the relationship between Section 5(a) and other provisions of the Texas Probate Code, most notably Sections 5(c) and 5(e).

The most relevant case on point is *Bailey v. Cherokee County Appraisal District.* In *Bailey*, probate proceedings were brought in the county court at law of Cherokee County. *Bailey*, 862 S.W.2d at 582. After the county court at law commenced its dependent administration, the taxing authorities brought suit in the district court. *Id.* at 583. The Baileys filed a plea in abatement and a motion to dismiss this suit for want of jurisdiction. *Id.* at 585. The district court entered its final judgment in favor of the taxing authorities and overruled the Baileys' motion to dismiss. *Id.* The Texas Supreme Court reversed the court of appeals' judgment and dismissed the taxing authorities' action. *Id.* at 586.

■ The Texas Supreme Court expressly disagreed with the argument made here that Section 5(a) vested the district court with jurisdiction over the suit. *Id.* at 585. However, there is some disagreement on whether *Bailey* held that the county court at law in which the estate administration is pending gains exclusive jurisdiction or merely dominant jurisdiction. While this distinction was of little impact in *Bailey*,

such a distinction bears significantly on this case since Cecillia never challenged the district court's jurisdiction.[2]

■ *Bailey* discusses the issue in terms of both exclusive jurisdiction and dominant jurisdiction:

> [B]ecause the ongoing administration in the county court at law sitting in probate was the only probate proceeding pending, that court alone had jurisdiction over matters incident to the estate. Furthermore, the court in which suit is first filed acquires dominant jurisdiction to the exclusion of coordinate courts. *Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex.1974). Because the administration was already pending in the county court when this suit was filed in the district court, the jurisdiction of the county court is dominant.

*Id.* at 585–86. Despite the use of the terms relating to dominant jurisdiction, we think the sounder reading of *Bailey* is one that concludes that, on these facts, the county court at law is vested with exclusive jurisdiction. Such a reading is consistent with the overall treatment of the issue in *Bailey* and its conclusion regarding when a court may hear matters incident to an estate: "A court empowered with probate jurisdiction may only exercise its probate jurisdiction over matters incident to an estate when a probate proceeding related to such matters is already pending in that court." *Id.* at 585.

**4. Section 5(c) Confers Exclusive Jurisdiction over this Matter Since the Es-**

---

**2.** If we were to read *Bailey* as standing for the proposition that the district court gained servient jurisdiction over this matter, the 217th Judicial District Court would have properly exercised its servient jurisdiction in the absence of any challenge to its jurisdiction. That is to say, the district court would have had to relinquish its servient jurisdiction only on a timely plea to the jurisdiction or other

motion. An action tried in a court with servient jurisdiction, without objection, is not void. *See First State Bank of Bedias v. Bishop*, 685 S.W.2d 732, 736 (Tex.App.-Houston [1st Dist.] 1985, writ ref'd n.r.e.) (decided before *Bailey*; expressly holding that statutory probate court gains dominant jurisdiction over matters incident to an estate).

**tate Administration Was Pending in the County Court at Law**

Most courts have applied *Bailey* in this way, concluding that the county court at law would have acquired jurisdiction, *to the exclusion of district courts,* over matters incident to an estate pending before the county court.[3] *See Bailey,* 862 S.W.2d at 585–86; *Miller v. Woods,* 872 S.W.2d 343, 345 (Tex.App.-Beaumont 1994, orig. proceeding). For instance, the Dallas court read *Bailey* to stand for the proposition that the district court never acquired jurisdiction:

> The state constitution authorizes the legislature to diminish or eliminate a district court's jurisdiction in "probate matters." *See* TEX. CONST. art. V, § 8. Section 5(c) of the probate code, where applicable, divests the district courts of jurisdiction in all probate matters. Because this suit is one "appertaining to or incident to an estate," it is a "probate matter" within the meaning of article V, section 8 of the constitution and one "regarding probate or administration" under section 5(c) of the probate code. Accordingly, *the district court properly recognized that it lacked jurisdiction to hear the case.*

*Howe State Bank v. Crookham,* 873 S.W.2d 745, 748 (Tex.App.-Dallas 1994, no pet.) (footnotes omitted) (emphasis added).

The Beaumont Court of Appeals, from which this case is transferred, also takes this position. In *Miller,* the judge of the county court at law transferred the case to the 253rd Judicial District Court. *Miller,* 872 S.W.2d at 344. The case proceeded to trial and ended with a judgment denying admission to probate. *Id.* No appeal followed, but Miller filed a petition to set aside the judgment for lack of jurisdiction, and the trial court denied that motion. *Id.*

In holding that the district court lacked subject-matter jurisdiction, the Beaumont court read *Bailey* as providing for exclusive jurisdiction in the county court at law in which the administration of the estate was begun:[4]

> In counties where there are statutory county courts exercising probate jurisdiction, such courts share original jurisdiction over probate proceedings with the constitutional county court, to the exclusion of the district court.

*See id.* at 345. We agree with this application of *Bailey* and conclude that the County Court at Law No. 2 of Angelina County had exclusive jurisdiction of Ricky's suit against Cecillia and that the district court never acquired jurisdiction over the action.

**5. Applying the Rules of Statutory Construction**

This result is consistent not only with *Bailey,* but also with rules of statutory construction.[5]

**3.** Others have read *Bailey* to propose concurrent jurisdiction between the county court at law and the district court. In an unpublished opinion, the Fort Worth court cites *Bailey* to support the proposition that the Texas Probate Code creates dominant/servient jurisdiction in this situation. *See Flint v. Jordan,* No. 02–04–00021–CV, 2005 WL 737427, at *2, 2005 Tex.App. LEXIS 2489, at *7 (Tex.App.-Fort Worth Mar.31, 2005, no pet.). In *Flint,* the court held that the district court properly relinquished its servient jurisdiction. *See id.* 2005 WL 737427, at *2, 2005 Tex.App. LEXIS 2489, at *9.

**4.** This position is contrary to the position the Beaumont court took before *Bailey* in *DeBlanc v. Renfrow,* 728 S.W.2d 409, 410–11 (Tex.App.-Beaumont 1987, writ ref'd n.r.e.).

**5.** We review de novo matters of statutory construction. *See City of Garland v. Dallas Morning News,* 22 S.W.3d 351, 357 (Tex.2000). We must construe a statute "first, by looking to the plain and common meaning of the statute's words." *Argonaut Ins. Co. v. Baker,* 87 S.W.3d 526, 529 (Tex.2002). In interpreting a statute, we must "diligently attempt to ascertain legislative intent and shall consider

First, we reiterate that Section 4 of the Texas Probate Code specifically grants general probate jurisdiction to the constitutional county courts. The Texas Government Code extends that jurisdiction to the county courts at law. *See* Tex. Gov't Code Ann. § 25.0003(d); *see also English*, 593 S.W.2d at 676 (noting that the Legislature vested statutory county courts exercising original probate jurisdiction with the power to adjudicate the right to property incident to an estate, and this grant of jurisdiction empowered the statutory county courts to resolve disputes involving the nature and extent of third parties' rights in assets that are claimed to belong to an estate under administration). To hold that Section 5(a) granted the district court concurrent jurisdiction to hear any probate matter is inconsistent not only with Section 5(a)'s own internal limitation, but also with the entire jurisdictional rubric of the Texas Probate Code and the Legislature's obvious efforts to direct the large majority of probate-related matters to the county courts.

Second, we evaluate Section 5(a) in light of the district court's jurisdiction to hear certain matters through transfer from the county court. Again, in counties where there is a statutory court exercising probate jurisdiction, most probate matters must be filed and heard in the statutory court or the constitutional county court, rather than the district court, "unless otherwise provided by the law." *See* Tex. Prob.Code Ann. § 5(c). The county judge may transfer contested probate matters to one of the statutory courts, but not to the

district court. *See Palmer*, 851 S.W.2d at 181.

From this, there appears to be a procedure in effect that reserves estate matters for the county courts or statutory probate courts. Since the statutory scheme disallows transfer of a contested portion of an estate matter to a district court in this setting, then it is inconsistent with those provisions if parties involved in a pending estate administration could use Section 5(a) to present in the district court the same matter that could not be transferred there.

Finally, it is important to point out that Section 5(a) expressly limits the breadth of its own application, stating that it was subject to "such regulations as may be prescribed by law." After examining the above-referenced provisions, it is reasonable to conclude that Section 5(c) is quite simply one of the limitations with which Section 5(a) limits itself.

## C. What, Then, Is the Effect of Section 5(a)

In construction of a statute, we are not to render a provision without effect. With that in mind, we point out that Section 5(c), which grants jurisdiction to the county courts over matters incident to the estate, applies in a specific setting. That is, Section 5(c) limits its application to counties in which there is no statutory probate court, but in which there is a county court at law with probate jurisdiction. This setting describes Angelina County.

at all times the old law, the evil, and the remedy." Tex. Gov't Code Ann. § 312.005 (Vernon 2005); *see City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex.2003). We determine legislative intent from the entire act, not just isolated portions, and interpret the act so that every part is given effect. *Id.* Although seemingly relevant, the fact that the provision was repealed in 2003 is not a factor

to be considered by this Court. With a few exceptions not applicable here, the re-enactment, revision, amendment, or repeal of a statute does not affect the prior operation of the statute or any prior action taken under it. Tex. Gov't Code Ann. § 311.031 (Vernon 2005); *see Levy v. City of Plano*, 22 S.W.3d 397, 398 (Tex.2000) (applying Section 311.031 in the context of subject-matter jurisdiction).

However, there are counties in which there are no county courts at law and no statutory probate courts. *See Weldon v. Hill,* 678 S.W.2d 268, 275 (Tex.App.-Fort Worth 1984, writ ref'd n.r.e.). It is reasonable to interpret Section 5(a) as a default provision. That is, Section 5(a) would apply when none of the other, more specific provisions apply. This application is also consistent with the rules of statutory construction that a specific provision governs when it seems to be in conflict with another, more general, provision. Under this construction, Section 5(a) was inapplicable to Ricky's suit since Angelina County had a county court at law vested with probate jurisdiction.

## III. PLEA FOR REFORM

This case illustrates the need for uniform jurisdictional requirements for the various courts in the State of Texas. Only after an inordinate effort could a determination be made concerning the proper forum for filing a relatively simple lawsuit. Parties should be able to know where to file a lawsuit without resorting to a trial and a lengthy appellate court opinion. We suggest that the Legislature look seriously at the complicated and overlapping trial court jurisdictional requirements in this state and enact reforms to make jurisdictional requirements uniform and understandable.

## IV. CONCLUSION

The 217th Judicial District Court never acquired subject-matter jurisdiction over this matter. Therefore, its judgment is void. *See Reiss v. Reiss,* 118 S.W.3d 439, 443 (Tex.2003); *Shell Cortez Pipeline Co. v. Shores,* 127 S.W.3d 286, 295 (Tex.App.-Fort Worth 2004, no pet.). We sustain Cecillia's first point of error, vacate the

6. Our disposition of this cause is without prejudice to any right to present these claims

district court's void judgment, and dismiss Ricky's claims.[6] *See* TEX.R.APP. P. 43.2(e).

incident to the estate in the county court at law sitting in probate.