

NUMBER 13-06-00562-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

_____IN THE ESTATE OF BOBBIE S. LYNCH, DECEASED_____

On appeal from the 216th District Court of Kendall County, Texas.

# MEMORANDUM OPINION ON REHEARING

**Before Justices Rodriguez, Garza, and Vela**
**Memorandum Opinion on Rehearing by Justice Rodriguez**

After considering appellee Tracy June Lynch's motion for rehearing, we deny the motion; however, we withdraw our memorandum opinion and judgment of October 9, 2008, and substitute the following to make nondispositive clarifications.

## I. INTRODUCTION

Appellants, Peggy Jean (Lynch) Sackheim and Patricia Ann (Lynch) Alderman, filed a petition in the Kendall County Court at Law for an accounting and distribution of the estate of their mother, Bobbie S. Lynch, and for the removal of appellee, Tracy June

Lynch, as independent executrix. The Kendall County Court at Law transferred the case to the 216th District Court of Kendall County, where it was then dismissed. Appellants challenge the dismissal, contending the district court's order is void for lack of subject matter jurisdiction.[1] We vacate the district court's order and remand with instructions to return the case to the Kendall County Court at Law.

## II. FACTUAL BACKGROUND

As independent executrix, appellee filed an application to probate her mother's will and for issuance of letters testamentary in the Kendall County Court at Law. The Kendall County Court at Law admitted the will to probate and granted letters testamentary.

Appellants subsequently filed a petition in the Kendall County Court at Law for accounting and distribution of the estate pursuant to sections 149A and 149B of the Texas Probate Code and for removal of the independent executrix under section 149C. *See* TEX. PROB. CODE ANN. §§ 149A, 149B (Vernon 2003), 149C (Vernon Supp. 2008). Appellee filed a plea to the jurisdiction and motion in limine in the Kendall County Court at Law, claiming that appellants lacked standing to seek an accounting and distribution of the estate. Instead of ruling on appellee's plea to the jurisdiction and motion in limine, the Kendall County Court at Law transferred the case to the 216th District Court of Kendall County. After a hearing on the plea to the jurisdiction and motion in limine, the district court sustained appellee's motions and dismissed appellants' petition for accounting and

---

[1] By their first issue, appellants contend that the district court erred in granting appellee's plea to the jurisdiction and motion in limine because they have standing in this case. However, this issue is not necessary to the final disposition of this appeal; therefore, we do not address it. *See* TEX. R. APP. P. 47.1.

distribution and for removal of the independent executrix on the basis that appellants did not have standing.

### III. Standard of Review

We review the trial court's subject matter jurisdiction de novo. *Musquiz v. Marroquin*, 124 S.W.3d 906, 909 (Tex. App.–Corpus Christi 2004, pet. denied). Any orders entered by a court lacking subject matter jurisdiction are void. *See Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005) (citing *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985) (orig. proceeding) (per curiam)). "Subject matter jurisdiction is essential to the authority of a court to decide a case," and it "is never presumed and cannot be waived." *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443-44 (Tex. 1993). The issue of subject matter jurisdiction may be raised for the first time on appeal. *Id.* at 445.

### IV. Analysis

By their second issue, appellants argue that the 216th District Court of Kendall County does not have jurisdiction over probate matters. Appellee counters that the probate code does not explicitly divest the district court of jurisdiction. *See* Tex. Prop. Code Ann. § 115.001 (a-1) (Vernon Supp. 2008) (explaining that the list of proceedings by or against a trustee or concerning a trust in subsection (a) is not exhaustive).

In Kendall County, the county court at law exercises jurisdiction over probate matters. *See* Tex. Gov't Code Ann. § 25.0003(d) (Vernon Supp. 2008). Kendall County has no statutory probate court. *See id.* § 25.1321 (Vernon 2004); Tex. Prob. Code Ann. § 3(ii) (Vernon 2003). Under section 5(c) of the probate code, in counties where there are no statutory probate courts, all applications, petitions, and motions regarding probate and

3

administrations shall be filed and heard in the county court at law exercising probate jurisdiction. TEX. PROB. CODE ANN. § 5(c) (Vernon Supp. 2008). Therefore, the Kendall County Court at Law has original jurisdiction over probate proceedings.[2] *See Bailey v. Cherokee County Appraisal Dist.*, 862 S.W.2d 581, 585 (Tex. 1993) ("In those counties where there are statutory courts exercising probate jurisdiction, such courts share original jurisdiction over probate proceedings with the constitutional county court . . . ."); *Hailey v. Siglar*, 194 S.W.3d 74, 77 (Tex. App.–Texarkana 2006, pet. denied) (concluding that in a county without a statutory probate court, the county court at law had original probate jurisdiction); *Lee v. Hersey*, 223 S.W.3d 439, 444-45 (Tex. App.–Amarillo 2006, pet. denied) (same).

On motion for rehearing, appellee argues that this Court should view appellants' claims in the proper context to conclude that jurisdiction was properly in the 216th District Court of Kendall County because appellant sought determinations regarding appellee's duties, responsibilities, powers, and liability as trustee over two testamentary trusts created by their mother. In order to do as appellee requests, we must construe appellants' causes of action as trust matters. We decline to do so.

Appellants' petition involves probate matters regarding the administration of their mother's estate including a request for an accounting and distribution and the removal of appellee as executrix; therefore, under section 5(c), their petition must have be filed and heard in the county court at law. *See* TEX. PROB. CODE ANN. §§ 5(c), 149A, 149B, and

---

[2] "'Probate matter,' 'Probate proceedings,' 'Proceeding in probate,' and 'Proceedings for probate' are synonymous and include a matter or proceeding relating to the estate of a decedent." TEX. PROB. CODE ANN. § 3(bb) (Vernon Supp. 2008).

149C.[3] Moreover, we decline to construe appellants' petition filed in the county court at law as involving a trust when the only mention of a trust is a request to show proof that the trusts were in fact funded. Because the Kendall County Court at Law has original jurisdiction over these probate matters, the 216th District Court of Kendall County never acquired jurisdiction.[4] *See Hailey*, 194 S.W.3d at 77. Therefore, we conclude that the district court's judgment is void. *See Browning*, 165 S.W.3d at 346. We sustain appellants' second issue.

## V. CONCLUSION

We vacate the order of the 216th District Court of Kendall County and remand the case to the district court with instructions to return the case to the Kendall County Court at Law, where jurisdiction remains as to probate matters including the issue of standing in this case.

NELDA V. RODRIGUEZ
Justice

Memorandum Opinion on Rehearing delivered
and filed this 25th day of November, 2008.

---

[3] Section 149A provides that if an independent executor does "not comply with a demand for an accounting . . . within sixty days after receipt of the demand, the person making the demand may compel compliance by an action in the *county court*, as that term is defined by Section 3 of this code." *Id.* § 149A (Vernon 2003) (emphasis added). Pursuant to section 149B, "a person interested in the estate may petition the *county court*, as that term is defined by Section 3 of this code, for an accounting and distribution." *Id.* § 149B (Vernon 2003) (emphasis added). Section 149C states, "The *county court*, as that term is defined by Section 3 of this code, on its own motion or on motion of any interested person, after the independent executor has been cited by personal service to answer at a time and place fixed in the notice, may remove an independent executor . . . ." *Id.* § 149C (Vernon Supp. 2008) (emphasis added). Under section 3 of the probate code, "'County Court' and 'Probate Court' are synonymous terms and denote . . . courts created by statute and authorized to exercise original probate jurisdiction . . . ." *Id.* § 3(e) (Vernon Supp. 2008).

[4] We note, however, that any trust issues would be properly filed in the district court. *See* TEX. PROP. CODE ANN. § 115.001(a) (Vernon Supp. 2008) (providing that "a district court has original and exclusive jurisdiction over all proceedings by or against a trustee and all proceedings concerning trusts").

5