HOWE STATE BANK, Appellant,

v.

Foy Jean CROOKHAM and Patsy Jean Crookham, Co–Administratrices, Appellees.

No. 05–92–01651–CV.

Court of Appeals of Texas, Dallas.

March 11, 1994.

T. Scott Smith, Sherman and Joe M. Joplin, McKinney, for appellant.

Scott Pelley, Sherman, for appellees.

Before McGARRY, C.J., and LAGARDE and MALONEY, JJ.

## OPINION

LAGARDE, Justice.

Howe State Bank appeals a district court order dismissing its suit on a rejected claim filed against Foy Jean Crookham and Patsy Jean Crookham, co-administratrices of the estate of Ota Foy Crookham. In one point of error, appellant asserts that the trial court erred in dismissing its suit for want of jurisdiction because the Texas Constitution and Texas Probate Code grant the district court jurisdiction. We affirm.

On May 24, 1989, Ota Foy Crookham, decedent, executed and delivered to appellant a promissory note in the amount of $135,000 due and payable on May 24, 1990.[1] The note was secured by collateral of a certificate of deposit in decedent's name in the amount of $94,234.20. Decedent died on March 11, 1990.

Appellees, the wife and daughter of decedent, were appointed independent co-executrices of decedent's estate on May 15, 1990, by order of a county court in Grayson County, Texas. The promissory note was not paid when due on May 24, 1990. The independent estate administration was converted into a dependent administration on May 3, 1991, by order of the County Court at Law No. 2, sitting in probate, and appellees were appointed co-administratrices with will annexed of decedent's estate.

On November 1, 1991, appellant filed an authenticated claim with appellees requesting that the claim on the promissory note be allowed and approved as a matured, secured claim to be paid in the due course of administration. Appellees rejected the claim on November 27, 1991, by filing a memorandum regarding claim with the County Court at Law No. 2, the court where the estate was pending.[2]

Appellant timely filed its suit on the rejected claim on February 5, 1992, in the 59th Judicial District Court in Grayson County. Appellees filed a plea to jurisdiction and answer, subject to the plea, in one document that was later superseded by amendment. The first amended plea to jurisdiction challenged the jurisdiction of the district court under sections 5, 5A, and 313 of the Texas Probate Code.[3] The appellees' first amended original answer included a plea in abatement asserting the theory of dominant jurisdiction. On June 11, 1992, the district court granted appellees' first amended plea to jurisdiction. From that order, appellant perfected its appeal to this Court.[4]

Appellant filed its suit on the rejected claim pursuant to section 313 of the Texas Probate Code. Section 313 states:

When a claim or a part thereof has been rejected by the representative, the claimant shall institute suit thereon in the court of *original probate jurisdiction* in which the estate is pending or in any *other court of proper jurisdiction* within ninety days after such rejection, or the claim shall be barred.

1. The decedent had a co-maker to the promissory note; however, that co-maker was not a party to this suit at trial or to this appeal.

2. That memorandum states that on September 25, 1990, appellant timely filed an authenticated secured claim against the independently administered estate for the face value of the note, interest, and attorney's fees. Appellees, as co-independent executrices, approved the claim as a preferred debt and the bank as a lienholder on October 1, 1990. Appellees, however, asserted that appellant did not specifically elect to be treated as a matured, secured creditor but only as a preferred debtor and lienholder. As such, appellant was not entitled to look beyond its collateral to satisfy the claim. Accordingly, appellees offered to release the balance of the certificate of deposit as *payment in full* of the claim. Appellant declined. For strategic reasons unre-

lated to this appeal, appellees then converted the estate to a dependent administration.

3. The versions of sections 5(a), (c), & (e) and 5A(a) & (b) of the probate code in effect at the time of the trial court's action were amended after the filing of this appeal. *See* Act of May 23, 1989, 71st Leg., R.S., ch. 1035, §§ 2 & 3, 1989 Tex.Gen. Laws 4162, 4162–64, *amended by* Act of May 30, 1993, 73rd Leg., R.S., ch. 957, §§ 5 & 6, 1993 Tex.Gen. Laws 4081, 4161–62 (current version at Tex.Prob.Code Ann. §§ 5 & 5A (Vernon Supp.1994) (effective September 1, 1993)). Because these amendments are unrelated to any issue in this case, we rely on the current law version as the basis of this opinion.

4. This Court also has before it the benefit of an *amicus curie* brief received in support of appellant's position. *See* Tex.R.App.P. 20.

TEX.PROB.CODE ANN. § 313 (Vernon 1980) (emphasis added). Appellant did not file suit in County Court at Law No. 2, which was the court of original probate jurisdiction where the estate was pending. Appellant asserts, however, that the district court is a "court of proper jurisdiction" within the meaning of section 313. Thus, appellant frames the issue in this case as whether the Texas Probate Code divests district courts of jurisdiction to hear suits on rejected claims filed pursuant to section 313 in counties that have statutory county courts at law but no statutory probate court.[5]

Sections 5 and 5A of the probate code are the relevant jurisdictional statutes at issue before us. The relevant portions of section 5 state as follows:

> (a) The district court shall have original control and jurisdiction over executors and administrators under such regulations as may be prescribed by law.
>
> \* \* \* \* \* \*
>
> (c) In those counties where there is a statutory probate court, *county court at law,* or other statutory court exercising the jurisdiction of a probate court, *all applications, petitions and motions regarding probate and administrations* shall be filed and heard in such courts and the constitutional county court, *rather than in the district courts,* unless otherwise provided by the legislature[.]
>
> \* \* \* \* \* \*
>
> (e) All courts *exercising* original probate jurisdiction shall have the power to hear all matters incident to an estate.

TEX.PROB.CODE ANN. § 5 (Vernon Supp.1994) (emphasis added). The relevant portions of section 5A state as follows:

> (a) In proceedings in the constitutional county courts and *statutory county courts at law,* the phrases "appertaining to estates" and "incident to an estate" in this Code include the probate of wills, . . ., and also include, but are not limited to, all claims by or *against an estate,* . . . and

generally all matters relating to the settlement, partition, and distribution of estates of deceased persons.

> (b) In proceedings in the statutory probate courts and *district courts,* the phrases "appertaining to estates" and "incident to an estate" in this Code include the probate of wills, . . ., and also include, but are not limited to, all claims by or *against an estate,* . . ., and generally all matters relating to the settlement, partition, and distribution of estates of deceased persons. . . .
> In situations where the jurisdiction of a *statutory probate court* is concurrent with that of a district court, any cause of action appertaining to estates or incident to an estate *shall* be brought in a statutory probate court *rather than in the district court.*

TEX.PROB.CODE ANN. § 5A (Vernon Supp. 1994) (emphasis added).

Appellant argues that section 5(a) is the legislative codification of the constitutional grant of general probate jurisdiction to district courts. *See* TEX.CONST. art. V, § 8. According to appellant, section 5(c) does not divest district courts of jurisdiction over matters "appertaining to or incident to estates" but only over the more restrictive and specific matters of "all applications, petitions, and motions regarding probate and administration." Consequently, appellant asserts that the district court had jurisdiction over its suit because a section 313 claim is clearly a matter "appertaining to or incident to an estate" and not an "application, petition or motion regarding probate or administration." *See* TEX.PROB.CODE ANN. §§ 5A(a) & (b), 5(c) (Vernon Supp.1994).

Appellees respond as follows. The state constitution authorizes the legislature to diminish or eliminate a district court's jurisdiction in "probate matters." *See* TEX.CONST. art. V, § 8. Section 5(c) of the probate code, where applicable, divests the district courts of jurisdiction in all probate matters. Because this suit is one "appertaining to or

---

5. Grayson County has two county courts at law but no statutory probate court. *See* TEX.GOV'T CODE ANN. § 25.0931 (Vernon 1988). The constitutional county court and both county courts at law are vested with probate jurisdiction in Grayson County. *See* TEX.GOV'T CODE ANN. §§ 21.009(2) & 25.0003(d) (Vernon Supp.1994).

incident to an estate," [6] it *is* a "probate matter" within the meaning of article V, section 8 of the constitution and one "regarding probate or administration" under section 5(c) of the probate code.[7] Accordingly, the district court properly recognized that it lacked jurisdiction to hear the case.

We note that section 5A of the probate code defines the phrases "appertaining to estates" and "incident to an estate" in two contexts. Subsection (a) defines these phrases for proceedings in constitutional county courts and statutory *county courts at law.* Subsection (b) defines these phrases for proceedings in statutory probate courts and *district courts.* Subsections (a) and (b) are essentially identical, except for the final sentence of subsection (b). The final sentence expressly states that where jurisdiction of a statutory probate court is concurrent with that of a district court, suit *shall* be brought in the statutory probate court *rather than in the district court.* Subsection (a), on the other hand, contains no similar language.

Appellant presents two separate arguments based on section 5A. First, appellant relies on the express language of the statutes and normal rules of statutory construction. Appellant argues that the legislature's failure to include within subsection (a) the last sentence contained within subsection (b) indicates specific legislative intent *not* to divest district courts of jurisdiction in favor of county courts at law. Absent specific language limiting jurisdiction, courts are unwilling to "read in" a divestiture of jurisdiction. *Boyd v. Ratliff,* 541 S.W.2d 223, 225 (Tex.Civ. App.—Dallas 1976, writ dism'd).

Second, appellant asserts that the intentional omission of the divesting language in

subsection (a) is consistent with the policy of creating statutory probate courts. Appellant points out that statutory probate courts are specialty courts; their sole area of jurisdiction is probate matters. *See* TEX.PROB.CODE ANN. § 3(ii) (Vernon Supp.1994); TEX.GOV'T CODE ANN. § 25.0021 (Vernon 1988). Establishing *exclusive* jurisdiction in these specialized courts and divesting district courts of concurrent jurisdiction is logical because these courts possess an expertise in probate matters that district courts lack. Appellant argues, however, that when no specialty court exists, the policy supporting *exclusive* jurisdiction fails. Both district courts and county courts at law are courts of general jurisdiction. *See* TEX.GOV'T CODE ANN. §§ 24.008, 25.0003 (Vernon 1988 & Supp. 1994). Neither court possesses a special expertise in probate matters that the other lacks. Accordingly, appellant asserts that when no statutory probate court exists in a county, the legislature intended for district courts and county courts at law to possess *concurrent* jurisdiction in probate matters.[8] Because Grayson County has no statutory probate court, appellant argues that the 59th District Court had concurrent jurisdiction with the Grayson County Court at Law No. 2 and the district court erred in holding otherwise.

Although appellant posits strong arguments under section 5A, we are foreclosed by recent supreme court authority from reaching the issues presented. Subsequent to the filing of the parties' briefs in our case, the supreme court addressed a situation similar to the one before us today. *See Bailey v. Cherokee County Appraisal Dist.,* 862 S.W.2d 581 (Tex.1993). In *Bailey,* the decedent died intestate and his wife was appoint-

---

**6.** Appellees argue that whether this suit is viewed as a suit on a note, *see Pullen v. Swanson,* 667 S.W.2d 359, 362 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.) (op. on reh'g), or one that affects "the settlement, partition and distribution of an estate," *see Seay v. Hall,* 677 S.W.2d 19, 22–23 (Tex.1984), the suit is one "incident to an estate." Because appellant does not dispute this characterization, we assume, without deciding, that a section 313 action is a suit "incident to an estate."

**7.** Appellees do not argue, however, that section 5(c) applies directly to section 313 causes of

action. Therefore, we express no opinion on whether this section 313 claim is an application, petition, or motion regarding "administration." *See* TEX.PROB.CODE ANN. § 5(c) (Vernon Supp. 1994).

**8.** Appellant and the *amicus* rely on *Bailey v. Cherokee County Appraisal Dist.,* 817 S.W.2d 117 (Tex.App.—Tyler 1991), and other cases for this proposition. As discussed in detail later in this opinion, *Bailey* was subsequently reversed by the supreme court. *See Bailey v. Cherokee County Appraisal Dist.,* 862 S.W.2d 581 (Tex.1993).

ed administrator of a *dependent* estate administration. After administration was begun in the *county court at law,* three taxing authorities filed suit in the *district court* seeking a personal judgment against the heirs for past due ad valorem taxes that had accrued during the estate's administration. The supreme court was required to determine (1) whether this type suit is a claim against the estate or against the heirs personally and (2) whether the district court or the county court at law sitting in probate had jurisdiction to hear such a case. *See id.* at 582, 585.[9] After concluding that the suit was one against the estate, the court in *Bailey* classified the suit as one *"incident to the estate." Id.* at 585. The supreme court then addressed the issue relevant to this case.

The supreme court in *Bailey* reasoned that section 5(c) of the probate code grants *exclusive* jurisdiction to the county court at law to *administer* the estate. Accordingly, the administration of the Bailey estate was properly before the County Court at Law of Cherokee County. The court then explained that section 5(e) of the probate code empowered that county court at law, sitting in probate, to decide the issues raised in the taxing authorities' suit.

The taxing authorities argued, however, that because the district court also had original probate jurisdiction,[10] section 5(e) also empowered the *district court* to hear the suit. Thus, the taxing authorities asserted a *concurrent* jurisdiction theory. The supreme court rejected this position on two grounds. First, the court in *Bailey* noted that a court can acquire jurisdiction over matters "incident to an estate" only when *that* estate is pending before *that* court. *Id.* at 585. In *Bailey,* as here, the estate in question was pending not in the district court, but in the county court at law. Accordingly, under section 5(e) "that [county] court [at law] *alone* had jurisdiction over matters incident to estate." *Id.* at 586 (emphasis added). Second, the court in *Bailey* concluded that "[b]ecause the [estate] administration was already pending in the county court [at law] when this suit was filed in the district court, the jurisdiction of the county court [at law] is dominant." *Id.*

At oral argument, appellant was unable to materially distinguish *Bailey* on its facts.[11] Although we find appellant's arguments persuasive, as an intermediate appellate court we are bound by supreme court authority. We conclude that the supreme court's holding in *Bailey* controls the issue in this case.

9. Although Justice Spector noted in her majority opinion that the Tyler Court of Appeals held that the district court had concurrent jurisdiction with "a statutory probate court," *Bailey,* 862 S.W.2d at 582, the court of appeals actually concluded that the district court had concurrent jurisdiction with "the County Court at Law of Cherokee County." *Bailey,* 817 S.W.2d at 119. Cherokee County, like Grayson County, does not have a statutory probate court. *See* Tex.Gov't Code Ann. § 25.0391 (Vernon 1988); *see also* Tex.Prob.Code Ann. § 3(ii) (Vernon Supp.1994) (county courts at law exercising probate jurisdiction are not statutory probate courts).

10. Like appellant in this case, the taxing authorities relied on section 5(a) for the jurisdictional authority of the district court.

11. Approximately six weeks before submission, appellees filed a supplemental brief alerting both this Court and appellant to the supreme court's decision in *Bailey.* Thus, the question posed to appellant at oral argument should have come as no surprise. Furthermore, appellant conceded at oral argument that if *Bailey* could not be distinguished, the supreme court's holding was dispositive.

Appellant asserted, however, that the reasoning of the court in *Bailey* was faulty because it confused the concepts of exclusive and dominant jurisdiction. The *Bailey* court held that *no* court other than the court where the estate is pending *has jurisdiction* of the case "incident to an estate." This exclusive jurisdiction interpretation differs significantly from the historical concurrent jurisdictional scheme where district courts retain their traditional probate jurisdiction but that the court where the estate is pending has dominant jurisdiction. This latter interpretation gives full effect to the language of section 313 which expressly states that the case may be brought "in the court of original probate jurisdiction in which the estate is pending *or in any other court of proper jurisdiction*[.]" Tex.Prob.Code Ann. § 313 (Vernon 1980). One easily could infer that the legislature intended other courts of proper jurisdiction *to be available to a complainant* in such an action. In fact, *appellees* suggested that this legislative intent was satisfied because both the constitutional County Court and the County Court at Law of Grayson County were alternate forums for appellant to file the section 313 action. The supreme court's broad holding in *Bailey* forecloses even that interpretation.

Accordingly, we hold that the County Court at Law No. 2 of Grayson County was the only court with jurisdiction to hear appellant's suit "incident to the estate" of Ota Foy Crookham because that was the court where the estate administration was then pending. Therefore, bound by *Bailey*, we conclude that the only court with jurisdiction over a section 313 claim is the court of original probate jurisdiction in which the estate is pending. We affirm the judgment of the district court.