NO. 07-07-0244-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MAY 27, 2008
_____

BRENDA WOOD, by and through her Legal Guardian,
PAUL GREEN, and BSW MANAGEMENT, LLC.,

Appellants

v.

DALHART R&R MACHINE WORKS, INC., WESLEY S. WOOD, Individually,
WADE R. WOOD, Individually, and LISA WOOD, Individually,

Appellees
_____

FROM THE 69th DISTRICT COURT OF DALLAM COUNTY;

NO. 10508; HON. RON ENNS, PRESIDING
_____

*Opinion*
_____

Before QUINN, C.J., CAMPBELL, J., and BOYD, S.J.[1]

What we have before us is effort to adjudicate the value and enforce the return of stock owned by a person who is the subject of a guardianship. The problem comes not in that effort was made to value and secure the return of the stock but rather in the locale wherein the suit began. This is so because Brenda Wood, the stock owner, became a

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T CODE ANN. §75.002(a)(1) (Vernon 2005).

ward of Paul Green on December 8, 2005, through a guardianship proceeding initiated in the constitutional County Court of Lubbock County. Though his status as guardian of her estate was initially "temporary," it changed on March 6, 2006, when the same court removed the moniker of "temporary" from the appointment. Approximately 23 days later, that is, on March 29, 2006, Dalhart R & R Machine Works, Inc. (Dalhart RR) filed its suit in Dallam County for a declaratory judgment effectively adjudicating the stock's value and compelling its return to the corporation.[2] In response, Green moved to dismiss the Dallam County suit for want of jurisdiction; he believed that exclusive jurisdiction over the dispute lay with the Lubbock County Court due to the ongoing guardianship. The trial court denied the motion and eventually entered summary judgment in favor of Dalhart RR. We reverse both decisions.

*Law*

Upon the filing of an application for the appointment of a guardian over a person or his estate and until the guardianship is settled and closed, the administration of the estate is considered "one proceeding for purposes of jurisdiction and is a proceeding in rem." TEX. PROB. CODE ANN. §604 (Vernon 2003). Furthermore, in those counties in which there is no statutory probate court but where there is a county court at law or other statutory court exercising the jurisdiction of a probate court, all applications, petitions, and motions regarding guardianships, mental health matters, or other matters addressed in chapter 13 of the Probate Code (*i.e.* guardianships) "shall be filed and heard in those courts and the

---

[2]The corporate bylaws allegedly required that once a director's role as director was terminated, he was to resell his stock to the corporation. Wood was a director of the corporation but was removed through the efforts of her ex-husband and the two other directors and stockholders.

2

constitutional county court, unless otherwise provided by law." *Id.* §606(c) (Vernon Supp. 2007). Statute also provides not only that a court exercising "original probate jurisdiction has the power to hear all matters incident to the estate," *id.* §606(e), but also that in proceedings before a constitutional county court and county court at law, the phrase "'incident to an estate' . . . include[s] . . . a claim by or against a guardianship estate . . . all actions for trial of the right of property incident to a guardianship estate, and generally all matters relating to the settlement, partition, and distribution of a guardianship estate." *Id.* §607(a). So too do we find in §800 of the Probate Code language dictating that when a claim has been rejected by a guardian, the claimant "shall institute suit on the claim in the court of original probate jurisdiction in which the guardianship is pending or in any other court of proper jurisdiction . . . ." *Id.* §800 (Vernon 2003).

The final guardianship statute we note here is the one stating that to "the extent applicable and not inconsistent with other provisions of this code, the laws and rules governing estates of decedents apply to and govern guardianships." *Id*. §603(a). It is worthy of comment since various of the statutes governing the estates of decedents mirror those regulating guardianships. For instance, like §606, §5(c) of the Probate Code states that in those counties where there is no statutory probate court but there is a county court at law or other statutory court exercising probate jurisdiction, "all applications, petitions, and motions regarding probate and administrations shall be filed and heard in those courts and the constitutional county court, unless otherwise provided by law." TEX. PROB. CODE ANN. §5(c) (Vernon Supp. 2007). Similar to §606(e), §5(f) provides that "[a]ll courts exercising original probate jurisdiction shall have the power to hear all matters incident to an estate."

3

*Id.* §5(f). And, much like §607(e), the phrase "incident to the estate" encompasses "all claims by or against an estate . . . all actions for trial of the right of property incident to an estate . . . and generally all matters relating to the settlement, partition, and distribution of estates of deceased persons." TEX. PROB. CODE ANN. §5A (Vernon Supp. 2007). Finally, prior to its amendment in 2001, §313, like §800 of the Probate Code permitted claimants who had their claims rejected by the decedent's representative to "institute suit thereon in the court of original probate jurisdiction in which the estate is pending or in any other court of proper jurisdiction . . . ." Act of May 27, 1995, 74th Leg., R.S., ch. 1054, §15, sec. 313, 1994 Tex. Gen. Laws 5207, 5212 (amended 2001).

The similarity between the foregoing statutory provisions provides us with some comfort in addressing the issue at bar, especially in view of §603(a). Simply put, the body of law discussing concepts of jurisdiction as it relates to the administration of decedent estates provides us guidance through the maze of like issues involving guardianship estates. More importantly, while delving into that body of law, we came upon the holding in *Bailey v. Cherokee County Appraisal Dist.*, 862 S.W.2d 581 (Tex. 1993). There, the Supreme Court was faced with a situation wherein the administration of the decedent's estate began in the Cherokee County Court at Law, but the Appraisal District and various taxing entities sued to collect delinquent taxes in the Cherokee County District Court during pendency of the administration. The plaintiffs argued that since the district court had original probate jurisdiction, its authority included the ability to adjudicate matters incident to the estate and, being incident to the estate, their claim for back taxes, therefore, was properly filed in the Cherokee County District Court. The Supreme Court disagreed, concluding that a "court empowered with probate jurisdiction may only exercise its probate

4

jurisdiction over matters incident to an estate when a probate proceeding related to such matters is already pending in that court." *Id.* at 585. This meant that because the administration of Bailey's estate was filed in the Cherokee County Court at Law, "that court alone had jurisdiction over matters incident to the estate." *Id.* at 585-86. That the administration was so pending also meant, according to the Supreme Court, that the county court at law acquired dominant jurisdiction over matters incident to the estate "to the exclusion of coordinate courts." *Id.* at 586. Thus, the district court had no jurisdiction over the appraisal district's suit. *Id*. at 582.

The holding in *Bailey* has since been construed as mandating that the court first acquiring jurisdiction over the decedent's estate acquires exclusive jurisdiction over claims incident to the estate. *Hailey v. Siglar*, 194 S.W.3d 74, 80-81 (Tex. App.–Texarkana 2006, pet. denied); *Howe State Bank v. Crookham*, 873 S.W.2d 745, 748-50 (Tex. App.–Dallas 1994, no writ); *Miller v. Woods*, 872 S.W.2d 343, 345 (Tex. App.–Beaumont 1994, orig. proceeding). And, the same was held true even though the predecessor to §313 allowed claims against the estate to be filed in either the court in which the probate was initiated or in any other court of proper jurisdiction. *Howe State Bank v. Crookham*, 873 S.W.2d at 749 n.11.

*Application of Law*

Given the similarity between the jurisdictional statutes applicable to probates and guardianships, we see no reason why the holdings in *Bailey*, *Hailey*, *Howe State Bank*, and *Miller* should differ when the estate arises not from the death of someone but rather from incapacity and the appointment of a guardian. Again, §603(a) mandates that the law

5

relating to the administration of a decedent's estate should apply when not in conflict with laws expressly regulating guardianships. Moreover, the legislature expressed that once a guardianship begins, the "administration of the [ward's] estate" is to be "one proceeding for purposes of *jurisdiction*" and the proceeding is in rem. TEX. PROB. CODE ANN. §604 (Vernon 2003) (emphasis added). It is difficult to read this statute as suggesting something other than that the court in which the guardianship is initiated acquires exclusive jurisdiction over the estate and issues relating to its administration. And, effort to deprive the guardianship estate of a major asset can hardly be deemed as anything but action for the trial of right to property or a claim against the estate; as such the dispute is certainly incident to the estate, as the term is defined in §607(a) of the Probate Code. Moreover, since Lubbock County had or has no statutory probate court and Brenda resided in that county, it was proper to initiate her guardianship in either the county court at law or constitutional county court. The latter being selected, it acquired exclusive jurisdiction over the claim of Dalhart RR, per *Bailey*, *Hailey*, and the other authorities mentioned above. So, the 69th District Court of Dallam County lacked jurisdiction to entertain the declaratory action against Brenda Wood and her guardian.

Consequently, we reverse both the order of the trial court denying the plea to the jurisdiction of the court and the summary judgment. We further dismiss the cause for want of jurisdiction.


Brian Quinn
Chief Justice


6