Opinion filed February 24,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00340-CV 

                                                    __________

 

MORRIS CLAYTON HOWELL, AN
INCOMPETENT PERSON, BY HIS NEXT 

FRIEND, BROTHER AND
ATTORNEY, LEONARD HOWELL, Appellant

 

                                                             V.

 

                   CHRISTOPHER
D. THOMPSON ET AL, Appellees



 

                                   On
Appeal from the 238th District Court

 

                                                          Midland
County, Texas

 

                                                 Trial
Court Cause No. CV-46,904

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            Leonard
Howell filed a petition in district court on behalf of his brother, Morris
Clayton Howell,[1]
based upon an alleged conspiracy surrounding the appointment of a guardian for
Morris.  In an earlier proceeding in a different court, Morris had been
declared to be totally incapacitated, and his granddaughter, Sarah Rock, had
been appointed to be the permanent guardian of Morris’s person and estate.  After
Leonard filed this suit on behalf of Morris, Rock, as Morris’s guardian,
intervened and filed a motion to dismiss.  The trial court granted the motion and
entered an order dismissing with prejudice all of the claims[2]
brought by Leonard on his brother’s behalf.  We affirm.  

            Appellant
presents five points of error on appeal.  In the first point, he complains that
Rock’s motion to dismiss was not verified.  In his second point, appellant
contends that the trial court failed to recognize the theory of this suit: 
that the conspirators, including Morris’s guardian, committed fraud on the
guardianship court to gain control over Morris and that Rock was disqualified
to serve as the guardian.  In the third point, appellant argues that the
guardianship was void and that the court in this case erred in finding it to be
valid.  In the fourth point, appellant argues that the trial court erred in
failing to grant his request to require Rock to allow Morris to confer with his
attorney, Leonard, thereby depriving Morris of a fair trial.  In his final
point, appellant contends that the trial court erred in concluding that the
guardianship was legally valid. 

            The
record shows that Rock, in her capacity as Morris’s guardian, filed a motion to
dismiss in which she asserted that she was the guardian and legal
representative of Morris, that it was inappropriate under Tex. R. Civ. P. 44[3]
for Leonard to attempt to bring suit as Morris’s next friend, that Leonard was
not Morris’s attorney, that Rock was the only person with legal standing to
bring an action on Morris’s behalf, and that Leonard lacked authority and
standing to bring suit on behalf of Morris.  Rock’s motion to dismiss was not
verified.  Appellant asserts on appeal, as he did in the trial court in his
motion to cancel or reform the order of dismissal, that Tex. R. Civ. P. 93 requires Rock’s motion to be verified. 
Pursuant to Rule 93, a pleading challenging a plaintiff’s legal capacity to sue
or a plaintiff’s entitlement to recover in the capacity in which he sues “shall
be verified by affidavit” “unless the truth of such matters appear of record.” 
Rule 93(1), (2).  Rock’s pleading need not be verified because her status as
the legal guardian of Morris’s person and estate appears of record in this
case.  See Rule 93; InvestIN.com Corp. v. Europa Int’l, Ltd., 293
S.W.3d 819, 825 (Tex. App.—Dallas 2009, pet. denied); Cantu v. Holiday
Inns, Inc., 910 S.W.2d 113, 116-17 (Tex. App.—Corpus Christi 1995, writ
denied).  In the petition, appellant admitted that Rock had been appointed the
legal guardian of Morris’s person and estate.  The order appointing Rock as
Morris’s permanent guardian was attached to the original petition filed by
appellant in the trial court.  Therefore, Rock was not required to verify her
pleading.  

Furthermore,
as a general rule, when a person has been declared to be incapacitated and a
guardian has been appointed, only the guardian of the ward’s estate may bring a
lawsuit on behalf of the ward.  In re Guardianship of Archer, 203 S.W.3d
16, 21-24 (Tex. App.—San Antonio 2006, pet. denied); see Tex. Prob. Code Ann. §§ 772, 773
(Vernon 2003), § 768 (Vernon Supp. 2010).  Appellant’s first point of error is
overruled.  

            In
the remaining points, appellant attacks the validity of the guardianship and
complains of acts committed by Rock and others with respect to the guardianship. 
At the outset, we note that Morris is now deceased and that a guardianship terminates
upon the death of the ward.  Tex. Prob.
Code Ann. § 694 (Vernon 2003).  Rock’s qualification to serve as
guardian is now moot.  Moreover, to the extent that appellant’s suit
constituted an attack on the validity of the guardianship or the appointment of
Rock as the guardian, dismissal was the proper remedy.  Jurisdiction for such
proceedings lay exclusively in the guardianship court – the Midland County
Court-at-Law – not in the district court where appellant filed this suit.  Tex. Prob. Code Ann. § 606 (Vernon Supp.
2010); Wood ex rel. Green v. Dalhart R & R Machine Works, Inc., 259
S.W.3d 229 (Tex. App.—Amarillo 2008, no pet.); see also Bailey v. Cherokee
County Appraisal Dist., 862 S.W.2d 581 (Tex. 1993).  Appellant’s second,
third, fourth, and fifth points of error are overruled.  

            The order
of the trial court is affirmed.  

 

                                                                                    PER
CURIAM

 

February 24,
2011

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]We note that Morris passed away while this appeal was
pending. 





[2]Those sued include Christopher D. Thompson; Sarah Rock,
guardian of the person and estate of Morris Clayton Howell; Sarah M. Rock,
individually; and The Bible Church of Midland, Texas.

 





[3]Rule 44 provides that “persons non compos mentis who
have no legal guardian may sue and be represented by ‘next friend’” under
certain rules.