**Opinion filed February 24, 2011**



**In The**

# Eleventh Court of Appeals

_____

**No. 11-09-00340-CV**

_____

**MORRIS CLAYTON HOWELL, AN INCOMPETENT PERSON, BY HIS NEXT FRIEND, BROTHER AND ATTORNEY, LEONARD HOWELL, Appellant**

**V.**

**CHRISTOPHER D. THOMPSON ET AL, Appellees**

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause No. CV-46,904**

**M E M O R A N D U M   O P I N I O N**

Leonard Howell filed a petition in district court on behalf of his brother, Morris Clayton Howell,[1] based upon an alleged conspiracy surrounding the appointment of a guardian for Morris. In an earlier proceeding in a different court, Morris had been declared to be totally incapacitated, and his granddaughter, Sarah Rock, had been appointed to be the permanent guardian of Morris's person and estate. After Leonard filed this suit on behalf of Morris, Rock,

---

[1]We note that Morris passed away while this appeal was pending.

as Morris's guardian, intervened and filed a motion to dismiss. The trial court granted the motion and entered an order dismissing with prejudice all of the claims[2] brought by Leonard on his brother's behalf. We affirm.

Appellant presents five points of error on appeal. In the first point, he complains that Rock's motion to dismiss was not verified. In his second point, appellant contends that the trial court failed to recognize the theory of this suit: that the conspirators, including Morris's guardian, committed fraud on the guardianship court to gain control over Morris and that Rock was disqualified to serve as the guardian. In the third point, appellant argues that the guardianship was void and that the court in this case erred in finding it to be valid. In the fourth point, appellant argues that the trial court erred in failing to grant his request to require Rock to allow Morris to confer with his attorney, Leonard, thereby depriving Morris of a fair trial. In his final point, appellant contends that the trial court erred in concluding that the guardianship was legally valid.

The record shows that Rock, in her capacity as Morris's guardian, filed a motion to dismiss in which she asserted that she was the guardian and legal representative of Morris, that it was inappropriate under TEX. R. CIV. P. 44[3] for Leonard to attempt to bring suit as Morris's next friend, that Leonard was not Morris's attorney, that Rock was the only person with legal standing to bring an action on Morris's behalf, and that Leonard lacked authority and standing to bring suit on behalf of Morris. Rock's motion to dismiss was not verified. Appellant asserts on appeal, as he did in the trial court in his motion to cancel or reform the order of dismissal, that TEX. R. CIV. P. 93 requires Rock's motion to be verified. Pursuant to Rule 93, a pleading challenging a plaintiff's legal capacity to sue or a plaintiff's entitlement to recover in the capacity in which he sues "shall be verified by affidavit" "unless the truth of such matters appear of record." Rule 93(1), (2). Rock's pleading need not be verified because her status as the legal guardian of Morris's person and estate appears of record in this case. *See* Rule 93; *InvestIN.com Corp. v. Europa Int'l, Ltd.*, 293 S.W.3d 819, 825 (Tex. App.—Dallas 2009, pet. denied); *Cantu v. Holiday Inns, Inc.*, 910 S.W.2d 113, 116-17 (Tex. App.—Corpus Christi 1995, writ denied). In the petition, appellant admitted that Rock had been appointed the legal guardian of

---

[2]Those sued include Christopher D. Thompson; Sarah Rock, guardian of the person and estate of Morris Clayton Howell; Sarah M. Rock, individually; and The Bible Church of Midland, Texas.

[3]Rule 44 provides that "persons non compos mentis who have no legal guardian may sue and be represented by 'next friend'" under certain rules.

Morris's person and estate. The order appointing Rock as Morris's permanent guardian was attached to the original petition filed by appellant in the trial court. Therefore, Rock was not required to verify her pleading.

Furthermore, as a general rule, when a person has been declared to be incapacitated and a guardian has been appointed, only the guardian of the ward's estate may bring a lawsuit on behalf of the ward. *In re Guardianship of Archer*, 203 S.W.3d 16, 21-24 (Tex. App.—San Antonio 2006, pet. denied); *see* TEX. PROB. CODE ANN. §§ 772, 773 (Vernon 2003), § 768 (Vernon Supp. 2010). Appellant's first point of error is overruled.

In the remaining points, appellant attacks the validity of the guardianship and complains of acts committed by Rock and others with respect to the guardianship. At the outset, we note that Morris is now deceased and that a guardianship terminates upon the death of the ward. TEX. PROB. CODE ANN. § 694 (Vernon 2003). Rock's qualification to serve as guardian is now moot. Moreover, to the extent that appellant's suit constituted an attack on the validity of the guardianship or the appointment of Rock as the guardian, dismissal was the proper remedy. Jurisdiction for such proceedings lay exclusively in the guardianship court – the Midland County Court-at-Law – not in the district court where appellant filed this suit. TEX. PROB. CODE ANN. § 606 (Vernon Supp. 2010); *Wood ex rel. Green v. Dalhart R & R Machine Works, Inc.*, 259 S.W.3d 229 (Tex. App.—Amarillo 2008, no pet.); *see also Bailey v. Cherokee County Appraisal Dist.*, 862 S.W.2d 581 (Tex. 1993). Appellant's second, third, fourth, and fifth points of error are overruled.

The order of the trial court is affirmed.

PER CURIAM

February 24, 2011

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.